IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED JOHNSON, | No. CIV S-05-1359-CMK |
| Plaintiff, | |
| vs. | ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |
| _____/ | |

      Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Pending before the court are the parties' cross-motions for summary judgment.

      In his motion, plaintiff argues, among other things, that a remand is necessary because a February 2001 report from an agency physician was not made part of the certified administrative record submitted to this court by defendant.[1] While defendant responded to every

---

[1] Plaintiff also asserts that this document was not part of the record before the Administrative Law Judge ("ALJ"). Plaintiff does not suggest, however, why the ALJ would have made such specific reference to a non-existent document.

1

other argument raised by plaintiff, defendant's cross-motion for summary judgment is silent as to this particular argument.

        At issue is the following portion of the ALJ's hearing decision:

> The Disability Determination Service ("DDS") consulting physician concluded that the claimant could perform light work that requires only occasional climbing, stooping, kneeling, crouching, or crawling. He also has a limited ability to reach above the shoulders or perform repetitive hand motions frequently. He should avoid concentrated exposure to fumes, odors, dusts, gasses, or poor ventilation (Dated February 27, 2001). I give significant weight to this evidence on the whole, but I give less weight to the portion giving upper extremity limitations, as they are not fully supported by the treatment records.

Unlike all the other evidence discussed in the hearing decision, there is no citation to the exhibit number corresponding to this particular doctor's opinion. The court has carefully reviewed the certified administrative record submitted by defendant on February 2, 2006, and cannot find the referenced February 27, 2001, agency physician's report in the record. If the document exists, but was inadvertently omitted from the certified administrative record submitted to this court, defendant will be required to submit it to complete the record. If the document does not exist, defendant will be required to show cause why this matter should not be remanded for further proceedings (for example, to allow the agency to issue a hearing decision which does not reference this document, or to obtain a new evaluation and issue a hearing decision referencing that evaluation).

        Accordingly, IT IS HEREBY ORDERED that, within 20 days of the date of this order, defendant shall lodge the February 27, 2001, document referenced by the ALJ, or show cause in writing why this matter should not be remanded for further proceedings.

DATED: September 27, 2006.

                                    /s/ Craig M. Kellison
                                    **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE